Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
155 South First Street, #2121
Orcutt, CA. 93457
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
VIET HUYNH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET HUYNH,<br><br>　　　　Plaintiff,<br>v.<br><br>ALLIED DEBT RECOVERY, LLC;<br>SEAN GERASIMOWICZ; and<br>DOE 1-5<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.)**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (Cal. Civ. Code § 1788 et seq.).**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1.　Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

## **<u>JURISDICTION AND VENUE</u>**

2.　This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  This District is of proper venue as Plaintiff is a

resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3. Plaintiff, VIET HUYNH (hereinafter "Plaintiff" or "Mr. Huynh"), is a natural person residing in Garden Grove, California. Defendant, ALLIED DEBT RECOVERY, LLC, is a New York limited liability company. Defendant SEAN GERASIMOWICZ, a resident of New York., is the sole and managing member of ALLIED DEBT RECOVERY, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to each of Plaintiff's causes of action herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are operating under SEAN GERASIMOWICZ, are debt collectors, and may also be responsible for the policies and procedures of the debt collection operation, including those giving rise to Plaintiff's causes of action as set forth herein. DOE 1-5 are therefore responsible for the occurrences herein alleged, and to Plaintiff for damages and/or monies owed.

5. ALLIED DEBT RECOVERY, LLC, SEAN GERASIMOWICZ, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a and Cal. Civ. Code § 1788.1(c).

## FACTUAL ALLEGATIONS

7. On or about October 14, 2021, Defendants began calling Mr. Huynh in an attempt to collect a consumer debt allegedly owed by Mr. Huynh.

8. On or about October 14, 2021, Defendants called and left a prerecorded message for Mr. Huynh, the content of which is as follows: "You are now have the past the compliance period and continued failure to respond will result in a recommendation to further proceedings without your personal statement.  Now if you wish to prevent escalation of this matter, please contact 833-259-6557.  Thank you and good luck to you."

9. Defendants' telephone message to Plaintiff on or about October 14, 2021 was the first communication Defendants had with Plaintiff.

10. On or about November 23, 2021, Defendants called and left a prerecorded message for Mr. Huynh, the content of which is as follows: "If you do wish to discuss the nuances of this matter, you have 24 hours to do so.  Otherwise, we do wish you the best of luck! Once again, my name is Steven, I'm with the Law

Office of Williams and Filmore and I can be reached at 833-299-7817.  If you don't reach someone, leave a message and we will get back to you at your earliest convenience.  Thank you."

11.     On or about December 10, 2021, Defendants called and left a prerecorded message for Mr. Huynh, the content of which is as follows: " Hi! My name is Steven! I'm calling with the Law Office of Williams and Filmore.  Several staff members have tried to contact you over the last 30 days with no further report of success. We do no other option but to send this matter into litigation.  There is both a civil and criminal complaint.  If you do wish to discuss the nuances of this matter, you have 24 hours to do so.  Otherwise, we do wish you the best of luck!  Once again, my name is Steven, I'm with the Law Office of Williams and Filmore and I can be reached at 833-299-7817.  If you don't reach someone, leave a message and we will get back to you at your earliest convenience.  Thank you."

12.     On or about January 11, 2022, Defendants called and left a prerecorded message for Mr. Huynh, the content of which is as follows: "Hi! My name is Steven! I'm calling with the Law Office of Williams and Filmore.  Several staff members have tried to contact you over the last 30 days with no further report of success. We do no other option but to send this matter into litigation.  There is both a civil and criminal complaint.  If you do wish to discuss the nuances of this matter, you have 24 hours to do so.  Otherwise, we do wish you the best of luck!

Once again, my name is Steven, I'm with the Law Office of Williams and Filmore and I can be reached at 833-299-7817.  If you don't reach someone, leave a message and we will get back to you at your earliest convenience.  Thank you."

13.     On information and belief, Plaintiff alleges that Sean Gerasimowicz either directly caused the prerecorded messages to be left for Mr. Huynh, or that he directed another to do so with a script he wrote or otherwise authorized.

14.     Defendants failed to provide Mr. Huynh with the requisite debt validation information pursuant to 15 U.S.C. 1692g(a) within 5-days of their initial communication with Mr. Huynh on or about October 14, 2021.

15.     Defendants' claim that they were calling from "the Law Office of Williams and Filmore," or any law office, was a misrepresentation.

16.     Defendants' claim that there was any civil or criminal complaint involved was a misrepresentation.

17.     Defendants' threat to " send this matter into litigation" was a misrepresentation as they had no intention or means to litigate the matter.

18.     Mr. Huynh, concerned and harassed by Defendants' threats and misrepresentation as to their identify, retained counsel with Centennial Law Offices.

19.     On January 18, 2022, staff from Centennial Law Offices contacted Defendants by telephone at (833)299-7817.  Defendants provided information on

the alleged consumer debt, but refused to provide their address.  Defendants identified themselves as "Law Office of Williams and Filmore."  Defendants admitted that there was no litigation pending.

20.     As a direct result of the collection activity herein alleged, legal fees in the amount of $4,155.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

21.     Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in communications with Plaintiff, specifically that the communications were from a debt collector, and being made in an attempt to collect a debt.

### COUNT II

22.     Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in communications with Plaintiff in which Defendants failed to disclose that the communications were from a debt collector, and that the communications were made in a attempt to collect a debt.

## COUNT III

23. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with the debt validation information contemplated by 15 U.S.C. 1692g(a) within 5-days of their initial communication with Plaintiff.

## COUNT IV

24. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly subsections 1692e(2), 1692e(5), 1692e(10), and 1692e(14), by misrepresenting that: 1.) they were calling from "the Law Office of Williams and Filmore"; 2.) there was a civil or criminal complaint involved; and 3.) they would "send the matter into litigation."

## COUNT V

25. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(b) by placing calls to Plaintiff in which

Defendants failed to disclose that the communications were from a debt collector, and that the communications were made in an attempt to collect a debt.

### COUNT VI

26. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.13(b) by 1.) falsely representing themselves as an attorney; and 2.) engaging in communications with Plaintiff in a name other than Defendants' actual name or the creditor on whose behalf Defendants were acting.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

    1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

    2.) For statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

    3.) For prejudgment interest in an amount to be proved at time of trial;

    4.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: November 22, 2022        s/Robert Amador
                               ROBERT AMADOR, ESQ.
                               Attorney for Plaintiff Viet Huynh